# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTIAN J. MORTON | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:10-CV-2594-TWT-RGV |
| | : | |
| SUNTRUST MORTGAGE, INC., | : | |
| | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Pending before the Court is a motion filed by defendant SunTrust Mortgage, Inc. ("SunTrust") to dismiss plaintiff Christian J. Morton's ("plaintiff") complaint.[1] [Doc. 5; see also No. 2595, Doc. 5]. Plaintiff, proceeding *pro se*, has not filed a response to the motion, and it is, therefore, deemed unopposed. See LR 7.1, NDGa.[2] For the following reasons, it is **RECOMMENDED** that SunTrust's unopposed

---

[1] On September 30, 2010, the Court entered an Order consolidating cases 1:10-cv-2594-TWT-RGV and 1:10-cv-2595-TWT-RGV ("No. 2595"), instructing that docketing shall occur only in case 1:10-cv-2594-TWT-RGV, and administratively closing No. 2595. [Doc. 8].

[2] On October 19, 2010, plaintiff filed an untimely one-page response to SunTrust's motion to dismiss stating in relevant part:

> In Response to the motion For dismis[s]al of the case 10-cv-02594. I feel it should be heard giving the Facts I stated in my original Filing. All I want is a court date so my case can be heard. Thank you in Advance.

[Doc. 9]. Although plaintiff's response is untimely, see LR 7.1B, NDGa., the undersigned will address the merits of plaintiff's claims and SunTrust's motion.

motion to dismiss, [Doc. 5], be **GRANTED**, and that plaintiff's TILA claims be **DISMISSED WITH PREJUDICE** and the remaining state law claims be **DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2007, Tyra W. Guthrie, Trustee of the Tyra W. Guthrie Living Trust, transferred the real property located at Lot 13, Shadowood Farms Subdivision, 14635 Glencreek Way, Milton, Georgia 30022 ("the Property"), to plaintiff for value via a Warranty Deed.  [Doc. 5-2].  The Warranty Deed was filed and recorded on September 5, 2007, in Deed Book 45642, Pages 625-628, Fulton County, Georgia Records.  [Id.].[3]  On August 31, 2007, SunTrust financed a purchase

---

[3] The Warranty Deed, Adjustable Rate Note, Security Deed, Closing Statement, Good Faith Estimate, Truth-in-Lending ARM Disclosure Statement, Truth-in-Lending Disclosure Statement, and Deed Under Power were not attached to plaintiff's complaint, but SunTrust attached these documents as exhibits to its brief in support of its motion to dismiss.  See [Docs. 5-2, 5-3, 5-4, 5-5, 5-6, 5-7, 5-8, 5-9, & 5-10].  Generally, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment."  Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1.  See also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008).  However, the Court may consider an exhibit without converting the motion into a motion for summary judgment if it is "central to the plaintiff's claim and the authenticity of the document is not challenged."  Adamson v. Poorter, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) (per curiam) (unpublished) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)); Weeks v. United States, No. 09-14229, 2010 WL 2332084, at *3 (11th Cir. June 11, 2010) (per curiam) (unpublished) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.") (internal marks and citation omitted).  See also Atwater v. Nat'l Football

2

money construction-permanent loan for plaintiff for the purchase of the Property. [Doc. 1-1 at 6 ¶ 5]. In connection with this transaction, plaintiff executed an Adjustable Rate Note ("Note") in favor of SunTrust in the original principal amount of $2,707,500.00. [Id.; see also Doc. 5-3]. The Note was secured by the Property pursuant to a Security Deed executed by plaintiff in favor of SunTrust on August 31, 2007. [Doc. 5-5]. The Security Deed was filed and recorded on September 25, 2007, in Deed Book 45642, Pages 628-649, Fulton County, Georgia Records. [Id.].[4]

Sometime thereafter, plaintiff defaulted on the loan by failing to make the payments required by the Note and Security Deed, causing SunTrust to accelerate the debt and retain the law firm of Johnson & Freedman, LLC ("Johnson & Freedman"), to institute foreclosure proceedings on the Property. [Doc. 1-1 at 22-23 ¶¶ 80-88, 37-39 ¶¶ 139-46; Doc. 5-1 at 7]. Prommis Solutions, LLC, on behalf of

---

League Players Ass'n, Civil Action No. 1:06-CV-1510-JEC, 2007 WL 1020848, at *3 (N.D. Ga. Mar. 29, 2007); Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007). The documents at issue here are central to plaintiff's claims, and their authenticity have not been challenged. Additionally, a court may take judicial notice of public records in considering a motion to dismiss. See Cash Inn of Dade, Inc. v. Metro. Dade Cnty., 938 F.2d 1239, 1243 (11th Cir. 1991) (judicial notice of public records appropriate). Accordingly, the Court will consider SunTrust's exhibits at this stage without converting the motion to dismiss to a summary judgment motion.

[4] As a part of the financial transaction at issue, plaintiff executed a Construction Allonge, HUD-1 Settlement Statement, Good Faith Estimate, Truth-in-Lending ARM Disclosure Statement, and a Truth-in-Lending Disclosure Statement for the Note. [Docs. 5-4 at 2, 5-5, 5-6, 5-7, 5-8, & 5-9].

Johnson & Freedman, provided plaintiff with notice as required by state and federal guidelines.  [Doc. 5-1 at 7].  Plaintiff, however, failed to cure the default prior to the scheduled foreclosure sale, and on October 6, 2009, SunTrust delivered the high bid during the non-judicial foreclosure sale and bought back the Property.  [Id.; see also Doc. 5-10].  The Deed Under Power evidencing the foreclosure sale and subsequent transfer of title of the Property to SunTrust was filed and recorded on December 4, 2009, in Deed Book 48590, Pages 527-529, Fulton County, Georgia Records.  [Doc. 5-10].

On July 19, 2010, plaintiff filed the instant complaint in the Superior Court of Gwinnett County, Georgia, against SunTrust, listing as separate causes of action violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing regulation, Regulation Z, 12 C.F.R. § 226.1 et seq.,[5] and alleging that SunTrust wrongfully foreclosed on the Property, thereby providing him with the right to rescind the underlying financial transaction and retain the Property.  [Doc. 1-1].  Plaintiff also sought a temporary restraining order to stop the foreclosure sale and eviction proceedings.  [Id.].  Subsequently, on July 26, 2010, plaintiff filed an "Emergency Motion for Temporary Restraining Order and Ex Parte Restraining

---

[5] Plaintiff also asserts state law claims for violations of the Georgia Residential Mortgage Act, O.C.G.A. § 7-1-1000 et seq. ("GRMA") and Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq. ("UDTPA"), as well as for fraud, fraud in the inducement, and unlawful foreclosure.  [Doc. 1-1].

Order" in the Superior Court of Fulton County, Georgia, asserting claims virtually identical to those pled in the Gwinnett County action and seeking the same remedies and relief. [No. 2595, Doc. 1-1]. SunTrust removed both of plaintiff's actions to this Court on August 19, 2010, [Doc. 1; No. 2595, Doc. 1], and on the same day, the District Court denied plaintiff's motions for a temporary restraining order, [Doc. 2; No. 2595, Doc. 3]. On September 30, 2010, plaintiff's two actions were consolidated into one action under Civil Action No. 1:10-CV-2594. [Doc. 8].[6]

In this action, plaintiff alleges that "[d]efendants encouraged and lured [p]laintiffs into a sub-prime loan which [p]laintiff could not afford long term since it was based on terms not generally accepted by majority of lenders." [Doc. 1-1 at 13 ¶ 25]. Plaintiff states that "[t]his loan was high risk and designed to fail based on [d]efendant's failure to disclose additional closing fees and changing market." [Id.]. Plaintiff also alleges that he "did not receive all required documents at the closing," [id. at 14 ¶ 32], and that "[n]umerous violation [sic] of Federal law happened with [the] loan," [id. at 15 ¶ 41]. In his prayer for relief, plaintiff asks the Court to, among other things, set aside the wrongful foreclosure sale and force SunTrust to finance

---

[6] The Court's discussion of the instant complaint applies equally to the complaint originally filed in No. 2595, since that complaint is based on the same allegations and seeks the same relief as the instant complaint.

the Property, enjoin "[d]efendants" from evicting him from the Property, and to award statutory, actual, and punitive damages.  [Id. at 41-42].

SunTrust moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint is a shotgun pleading which fails to comply with the notice pleading required under Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted.  [Doc. 5-1 at 14-18; No. 2595, Doc. 5-1].  SunTrust also argues that plaintiff's claims under TILA fail as a matter of law, and that plaintiff has failed to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) for his fraud claims.  [Doc. 5-1 at 18-24].  The Court will address each of these arguments.

## II.  STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).[7]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

---

[7] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal marks and citations omitted). To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Washington Mut. Bank, FA, 258 Fed. App. 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).[8] "Factual allegations must be enough to raise a right to relief above the speculative level," id., as the complaint must contain "enough facts to state a claim to relief that is plausible

---

true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" Id. (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)) (footnote omitted) (alteration in original). Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[8] Likewise, Federal Rule of Civil Procedure 10(b) requires that claims be set forth in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); Cooley v . Great S. Wood Preserving, 138 Fed. App. 149, 152 (11th Cir. 2005) (per curiam) (unpublished) (citations omitted).

on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (internal marks and citations omitted).

Furthermore, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules.  Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008). See also Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. App. 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (stating "[a]lthough we construe

8

them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

### III.  DISCUSSION

**A.      Shotgun Pleading**

SunTrust argues that plaintiff's complaint is a "quintessential shotgun pleading," and therefore cannot satisfy the pleading requirements of the Federal Rules of Civil Procedure.  [Doc. 5-1 at 14-18].  SunTrust asserts that all of the allegations in the pleading are conclusory and contain no facts supporting them, and that the complaint "sets forth a series of vague claims, references to events and documents that pertain to other borrower(s) in other financing transaction(s) consummated with other lender(s), . . . and assertions against unidentified defendants."  [Id. at 15 (emphasis omitted)].  SunTrust contends that "[t]he complaint is replete with misstatements, a common flaw in 'pre-packaged pleadings' purchased by *pro se* litigants, about the subject financing transaction at issue."  [Id.].  SunTrust further asserts that plaintiff's allegations "are so vague and incomplete as to make wholly unclear the law(s) or theory(ies) under which he seeks relief," and that "[s]imply concluding that the 'collective' [d]efendants . . . harmed him . . . completely fails to meet the minimum pleading standards of Rule 8."  [Id. at 16-17 (footnote and citation omitted)].

The Court agrees that plaintiff's complaint "is a quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). See also Bailey v. Janssen Pharm., Inc., 288 Fed. App. 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . ."). "It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." Magluta, 256 F.3d at 1284 (citation omitted). Each count incorporates by reference the allegations made in the previous paragraphs, which results in each count being "replete with factual allegations that could not possibly be material to that specific count, and . . . any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Id.

Moreover, although plaintiff's complaint names SunTrust as the only defendant, it includes references to multiple defendants and "allegations that the [Defendant, Defendants, or Defendant corporations] engaged in certain conduct, making no distinction among the . . . defendants charged, though . . . all of the defendants could not have participated in every act complained of." Id.; Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at

*4 (M.D. Fla. Dec. 29, 2009).  See also [Doc. 1-1 ¶¶ 3-4, 6-7, 9, 15, 18, 23-27, 36, 48-51, 54-58, 68-69, 73, 75-77, 79, 81-87, 90-91, 93-96, 98, 106-09, 115-16, 121-25, 128-30, 132, 134-36, 141, 144, 148, 150-52].  Additionally, plaintiff makes multiple references throughout his complaint to "Plaintiffs," alleges that "[d]efendants lead [p]laintiffs into accepting a subprime loan," and refers to "Washington law."  See [Doc. 1-1 ¶ 4, 12, 17, 25-26, 28-33, 37-38, 42, 44, 49-51, 53-54, 61-62, 67-70, 74, 88, 90, 92-94, 96-97, 100, 104, 107, 110, 119, 121-24, 130, 139-42, 146-47, 153].  "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"  Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 Fed. App. 274, 277 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted).

Additionally, "when a complaint is grounded in fraud, as it appears plaintiff's complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)'s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Roundtree, 2009 WL 5215334, at *4 (alteration in original) (internal marks and citation omitted). "To satisfy Rule 9(b)'s 'particularity' standard, a complaint should 'identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which

the statements misled the plaintiff; and (4) what the Defendants gain[ ] by the alleged fraud.'"  Id. (quoting W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. App. 81, 86 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted)).  Plaintiff asserts allegations sounding in fraud throughout his complaint, but he has failed to plead with particularity a fraud claim and has therefore failed to satisfy Federal Rule of Civil Procedure 9(b).

More important, plaintiff has used a form pleading that is nearly identical to other pleadings filed in this Court, which "diminishes what limited credibility the complaint may have enjoyed." Johnson v. EMC Mortg. Corp., Civil Action No. 1:09-CV-3510-WBH, at [Doc. 12 at 3] (N.D. Ga. Feb. 11, 2010). See also Aviles v. SunTrust Mortg., Inc., Civil Action No. 1:09-cv-03206-JEC, at [Doc. 1] (N.D. Ga. Nov. 18, 2009) (nearly identical form complaint to plaintiff's complaint here); Ley v. SunTrust Bank, Civil Action No. 1:09-cv-02972-JEC, at [Doc. 1] (N.D. Ga. Oct. 26, 2009) (same). Plaintiff's complaint fails to describe in sufficient detail the allegations of conduct by SunTrust in connection with each cause of action or the legal theory or authority that is the basis for liability against SunTrust.  Roundtree, 2009 WL 5215334, at *5; Popham v. Cobb Cnty., Civil Action File No. 1:09-CV-1477-BBM, 2009 WL 2425954, at *2 (N.D. Ga. Aug. 5, 2009).  In fact, plaintiff's complaint merely lists general allegations, "most of which are immaterial to most of the claims for relief." Johnson

Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

See also Clausell v. Bank of Am., N.A., Civil Action No. 1:10-CV-0618-CAP-JFK, at [Doc. 17], (N.D. Ga. July 20, 2010), adopted at [Doc. 18], (N.D. Ga. August 17, 2010).

"[A] defendant faced with a shotgun complaint is not expected to frame a responsive pleading."  McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (citation omitted).  Because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rules 8[, 9,] and 10 of the Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," plaintiff's complaint is due to be dismissed or struck.  Roundtree, 2009 WL 5215334, at *4.  However, since SunTrust has moved to dismiss the complaint, the Court will address the merits of its motion to dismiss.

**B.    Merits of Plaintiff's Claims**

Plaintiff's complaint asserts a federal claim under TILA and Regulation Z, and state law claims for violations of the GRMA and UDTPA as well as claims for fraud, fraud in the inducement, and unlawful foreclosure. [Doc. 1-1]. SunTrust argues that plaintiff's complaint should be dismissed as a matter of law.[9]

---

[9] Although SunTrust did not specifically address all of plaintiff's claims, since SunTrust seeks dismissal of plaintiff's complaint in its entirety, the Court will address the merits of all of plaintiff's claims.  See Martin v. Citimortgage, Civil Action File No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *8 n.13 (N.D. Ga. Aug.

1.      **Plaintiff's Federal Claims**

    a.      *TILA Disclosure Claim*

Plaintiff alleges that SunTrust failed to provide required disclosures in connection with his purchase of the Property on August 31, 2007, in violation of TILA and Regulation Z.[10] [Doc. 1-1 at 24-25]. The purpose of TILA is:

> to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.

Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (internal marks and citations omitted). An action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because TILA is a disclosure statute, "[t]he violation 'occurs' when the transaction is consummated," since that is the date on which the legal obligation for the lender to make the disclosures arises. In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984). "Consummation" is defined as "the

_____

3, 2010), adopted by 2010 WL 3418322, at *1 (N.D. Ga. Aug. 25, 2010).

[10] "Regulation Z, 12 C.F.R. § 221, *et seq.*, is the implementing regulation for TILA." Oliver v. Lib Props., Ltd., Civil Action File No. 1:10-CV-0539-TWT-JFK, 2010 WL 2867932, at *5 n.6 (N.D. Ga. June 21, 2010), adopted by 2010 WL 2857925, at *1 (N.D. Ga. July 20, 2010).

14

time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13); see also Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1066 (11th Cir. 2004); Insignares v. Countrywide Home Loans, Inc., No. 09-60128-CIV, 2009 WL 2444322, at *1 (S.D. Fla. July 15, 2009) (holding that a plaintiff is required to bring TILA claims within one year of the loan closing) (citing Smith, 737 F.2d at 1552).  Plaintiff alleges that he obtained his loan to purchase the Property on August 31, 2007.  Therefore, he appears to have become contractually obligated in 2007, and his claim, first brought in 2010, is clearly outside the one-year limitations period.[11]  Accordingly, it is **RECOMMENDED** that plaintiff's TILA disclosure claim be **DISMISSED**.

---

[11] While plaintiff's TILA claims could be subject to equitable tolling, to establish that equitable tolling is warranted, plaintiff must show: (1) fraudulent concealment by the party invoking the statutory bar, and (2) his failure to discover the facts which are the basis of his cause of action despite (3) the exercise of due diligence on his part.  Jankus v. Edge Investors, L.P., 619 F. Supp. 2d 1328, 1337 n.8 (S.D. Fla. 2009), withdrawn and superseded on reconsideration on other grounds, 650 F. Supp. 2d 1248 (S.D. Fla. 2009) (citations omitted); see also Williams v. Saxon Mortg. Servs., Inc., No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4 (S.D. Ala. Sept. 27, 2007).  Here, plaintiff has failed to even respond to SunTrust's motion, much less show that equitable tolling is warranted.  Furthermore, SunTrust attached to its brief in support of its motion to dismiss the TILA disclosure, which plaintiff signed acknowledging that he had received such disclosures.  See [Docs. 5-8 at 2-4 & 5-9 at 2].  Thus, plaintiff is not entitled to equitable tolling, and his TILA claim is time-barred.

### b.   *TILA Rescission Claim*

Plaintiff also seeks to rescind the transaction, but his complaint fails to state a claim for rescission under TILA.  [Doc. 1 at 15].  "A 'residential mortgage transaction' is exempt from TILA rescission.'"  <u>Saldate v. Wilshire Credit Corp.</u>, No. CV F 09-2089 LJO SMS, 2010 WL 582069, at *5 (E.D. Cal. Feb. 12, 2010) (quoting 15 U.S.C. § 1635(e)(1))).  "A 'residential mortgage transaction' is defined as 'a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'"  <u>Id.</u> (quoting 15 U.S.C. § 1602(w)).  "There is no statutory right of rescission where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside."  <u>Id.</u> (internal marks and citations omitted); <u>Watts v. Decision One Mortg. Co., LLC.</u>, No. 09 CV 0043 JM (BLM), 2009 WL 648669, at *4 (S.D. Cal. Mar. 9, 2009) ("Thus, while home equity loans and refinancing transactions would be amenable to rescission, [p]laintiff's purchase money mortgage is not.").

Here, plaintiff clearly alleges that he obtained a mortgage loan in order to purchase the Property intended to be his residence.  [Doc. 1-1 at 6-7 ¶ 5].  Therefore, because the loan at issue is a residential mortgage transaction, it is exempt from

TILA rescission.  <u>Saldate</u>, 2010 WL 582069, at *5; <u>Watts</u>, 2009 WL 648669, at *4. Therefore, it is **RECOMMENDED** that plaintiff's TILA rescission claim be **DISMISSED**.[12]

### 2.    Plaintiff's State Law Claims

Plaintiff also alleges state law claims for violations of the GRMA and the UDTPA, and for fraud, fraud in the inducement, and unlawful foreclosure.  [Doc. 1-1].  Although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988) (footnote omitted); <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 962 (11th Cir. 1999).  Since plaintiff has failed to state any claims against SunTrust

---

[12] Plaintiff's complaint also "fails to put [SunTrust] on notice as to what triggered the right to rescind." <u>Jozinovich v. JP Morgan Chase Bank, N.A.</u>, No. C09-03326 TEH, 2010 WL 234895, at *5 (N.D. Cal. Jan. 14, 2010).  Indeed, while plaintiff alleges a right to rescind, he fails to specify which material terms of the loan were undisclosed or which disclosures were deficient or never made, and SunTrust has attached the TILA disclosure statements provided to plaintiff at closing, [Docs. 5-8 & 5-9], which plaintiff signed acknowledging that he received them, controverting plaintiff's vague allegations, <u>id.</u>  Furthermore, to the extent plaintiff seeks equitable remedies under TILA, his claims fail because TILA provides a legal remedy, but not an equitable one.  <u>See</u> <u>Wilson v. Saxon Mortg. Servs.</u>, Civil Action No. 1:08-CV-3630-CAP, at [Doc. 4 at 1-2], (N.D. Ga. Dec. 1, 2008) (citing <u>Christ v. Beneficial Corp.</u>, 547 F.3d 1292, 1298 (11th Cir. 2008)).

17

for which relief could be granted under federal law, the Court could decline to exercise supplemental jurisdiction over his state law claims.  Ingram v. Sch. Bd. of Miami-Dade Cnty., 167 Fed. App. 107, 108 (11th Cir. 2006) (per curiam) (unpublished).  However, should the Court elect to retain jurisdiction, the undersigned **RECOMMENDS** SunTrust's motion to dismiss these claims be **GRANTED** for the following reasons.

### a. *GRMA Claim*

Plaintiff alleges that defendants, "through their willful actions and deceit and concealment have violated the Washington law." [Doc. 1-1 at 35 ¶ 136].[13]  However, the GRMA does not provide a private cause of action.  In fact, "[t]he GRMA contains enforcement provisions which permit the Georgia Department of Banking and Finance to issue 'cease and desist' orders for violations of the GRMA and to petition courts to direct parties to comply with the department's orders, as well as civil penalties for parties who violate the terms of any such order and criminal penalties for certain violations."  Huh v. Chase Home Finance, et al., 1:09-CV-2292-CAP-WEJ, at [Doc. 21 at 22-23] (N.D. Ga. Dec. 7, 2009), adopted at [Doc. 31] (N.D. Ga. Jan. 5, 2010) (citation omitted).  Therefore, plaintiff has failed to state a viable

---

[13] While plaintiff refers to "Washington law," this claim is listed as a cause of action under the GRMA.

claim under the GRMA, and it is **RECOMMENDED** that plaintiff's claim under the GRMA against SunTrust be **DISMISSED**.

      **b.**    *UDTPA Claim*

Plaintiff alleges violations of Georgia's UDTPA. [Doc. 1-1 at 30-33 ¶¶ 118-25]. The UDTPA, which is set out in O.C.G.A. § 10-1-370 <u>et seq.</u>, "enumerates twelve trade practices that, when carried out in the course of a person's business, vocation, or occupation, can be deemed deceptive." <u>Int'l Brominated Solvents Ass'n v. Am. Conference of Gov't Indus. Hygienists</u>, 625 F. Supp. 2d 1310 (M.D. Ga. 2008). "Plaintiff's claim, which is nothing more than a citation to the UDTPA, is clearly inadequate." <u>Hernandez Auto Painting and Body Works, Inc. v. State Farm Mutual Auto. Ins. Co.</u>, No. CV408-256, 2009 WL 2952066, at *4 (S.D. Ga. Sept. 14, 2009). "The claim fails to even state the elements of a claim under the UDTPA, including which code section [SunTrust] may have violated, much less state factual allegations that support these elements." <u>Id.</u> (footnote omitted). Therefore, plaintiff has failed to provide SunTrust with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). Accordingly, it is **RECOMMENDED** that plaintiff's claim under Georgia's UDTPA be **DISMISSED**.[14]

---

[14] Furthermore, the only relief available under the UDTPA is injunctive relief, not monetary relief. <u>Moore-Davis Motors, Inc. v. Joyner</u>, 556 S.E.2d 137, 140 (Ga. Ct. App. 2001). Thus, to the extent plaintiff seeks monetary relief under the UDTPA, his claim should be dismissed. Because the sole remedy is injunctive relief, plaintiff

### c.    *Fraud Claims*

Plaintiff asserts fraud and fraud in the inducement claims against SunTrust, but he has failed to plead with particularity any fraud claims in his complaint.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (per curiam) (quoting Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal marks omitted).[15]

Plaintiff's complaint does not identify any specific false information provided by SunTrust, contains no details about the alleged misrepresentations that constitute

---

must show that he is "likely to be damaged" by SunTrust's conduct in the future. O.C.G.A. § 10-1-373(a); see Catrett v. Landmark Dodge, Inc., 560 S.E.2d 101, 106 (Ga. Ct. App. 2002).  Plaintiff has not alleged facts sufficient to show a likelihood of injury in the future, and any claim for injunctive relief he is attempting to assert under the UDTPA is due to be dismissed for this additional reason.

[15] The essential elements of fraud that must be pled are: "(1) a false representation by the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff proximately caused by the reliance."  Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1364 (N.D. Ga. 2006) (citations omitted).

the fraud, and instead rests on conclusory allegations. Plaintiff has not pleaded how he relied on the alleged misrepresentations or how the misrepresentations or fraudulent acts damaged him in any way. See Prime Mgmt. Consulting & Inv. Servs., LLC v. Certain Underwriters at Lloyd's London, No. 1:07-cv-1578-WSD, 2007 WL 4592099, at *8 (N.D. Ga. Dec. 28, 2007). Plaintiff's allegations are confusing and simply fail to meet Rule 9(b)'s pleading requirements. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008); Brooks, 116 F.3d at 1370-71; Simpson, 2010 WL 3190693, at *7. Accordingly, it is **RECOMMENDED** that plaintiff's fraud claims against SunTrust be **DISMISSED**.

### d. *Wrongful Foreclosure*

To the extent plaintiff attempts to allege wrongful foreclosure by arguing that SunTrust exceeded its authority by foreclosing on his property, [Doc. 1-1 at 22-23 ¶¶ 80-88], this claim is likewise due to be dismissed. To seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan. Taylor v. Wachovia Mortg. Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009), adopted at *1 (citations omitted). Plaintiff has made no showing that he tendered the full amount or that he is willing

to tender the full amount owed under the loan.  It is therefore **RECOMMENDED** that plaintiff's unlawful foreclosure claim be **DISMISSED**.[16]

### 3.  Dismissal With Prejudice

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).[17]  However, courts need not grant an opportunity to amend where amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir.

---

[16] Although plaintiff's complaint also includes references to violations of the "Home Mortgage Disclosure Act", the Fair Debt Collections Practices Act," and the Uniform Standards of Professional [A]ppraisal Practices Act," [Doc. 1-1 at 13 ¶ 23], the complaint does not assert a separate cause of action under any of these statutes, and the vague and conclusory allegations in the complaint referencing them are insufficient to state a claim under Rule 8(a).  Twombly, 550 U.S. at 555 (internal marks and citation omitted).  Thus, to the extent plaintiff attempts to assert separate claims under these statutes, it is **RECOMMENDED** that these claims be **DISMISSED**.  Additionally, because plaintiff has failed to state any valid claims for relief, his claims for injunctive relief and for punitive damages are likewise due to be dismissed.

[17] In Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc), the en banc court overruled Bank in part, holding that a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  The en banc court expressly declined to address whether its ruling would apply to a party proceeding pro se.  Id. at 542 n.1.  In an unpublished decision, however, a panel of the Eleventh Circuit determined that Bank remains good law as applied to pro se litigants.  Spear v. Nix, 215 Fed. App. 896, 902 (11th Cir. 2007) (per curiam) (unpublished).

2001) (per curiam) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). <u>See also</u> <u>Carmen v. Metrocities Mortg. Corp.</u>, Civil No. 08-2729 (RBK/JS), 2009 WL 1416038, at *3 (D.N.J. May 18, 2009) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") (internal marks and citation omitted).  In fact, if it appears beyond doubt that plaintiff could not plead a claim for relief that is plausible on its face, an amendment would be futile. <u>See</u> <u>Coates v. Natale</u>, Civil Action No. 5:09-cv-423 (CAR), 2010 WL 749630, at *1-2 (M.D. Ga. Mar. 1, 2010); <u>Ardaman & Assocs., Inc. v. Travelers Cas. and Surety Co. of Am.</u>, No. 3:08cv144/MCR, 2009 WL 161203, at *8 (N.D. Fla. Jan. 22, 2009).

The foregoing discussion of plaintiff's claims demonstrates that granting an opportunity to amend the complaint would be futile since the TILA claims are barred, and if the Court elects not to exercise supplemental jurisdiction over plaintiff's state law claims, those claims are due to be dismissed without prejudice. <u>Garczynski v. Countrywide Home Loans, Inc.</u>, 656 F. Supp. 2d 505, 516-17 (E.D. Pa. 2009) (dismissing claims with prejudice because any amendment to claims, including TILA, would be futile since, among other things, they are untimely); <u>Scarfo</u>, 175 F.3d at 962 (dismissing remaining state law claims without prejudice when federal claims dismissed).  Alternatively, if the Court elects to exercise

jurisdiction over the state law claims, those claims should still be dismissed without prejudice for failure to state a claim, but plaintiff should be afforded at least one opportunity to file an amended complaint that contains factual allegations to support those claims in compliance with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure.  Bank, 928 F.2d at 1112.  If plaintiff were to fail to amend the state law claims within the time allotted by the Court, then those claims should also be dismissed with prejudice.  See Hall v. RTM Restaurant Group, S.E., No. Civ.A. 105CV2251CAP, 2006 WL 83428, at *3-4 (N.D. Ga. Jan. 11, 2006) (allowing plaintiff to amend complaint to address deficiencies and allege specific facts showing entitlement to relief, and holding that failure to amend would result in recommendation to dismiss counts failing to state claims); Holmes v. City of East Point, No. Civ. A. 105CV2921MHS, 2005 WL 3478375, at *5 (N.D. Ga. Dec. 20, 2005) (permitting plaintiff, who did not file a motion to amend, request leave to amend, or respond to defendants' motion to dismiss, to file an amended complaint within 30 days, and holding that if plaintiff failed to do so, the court would dismiss with prejudice plaintiff's claims).

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that SunTrust's motion to dismiss, [Doc. 5], be **GRANTED**, and that the TILA claims be **DISMISSED WITH**

**PREJUDICE** and the remaining state law claims be **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 5th day of November, 2010.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE